**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**WALTER SPENCER DIVERS,**

                Petitioner,

    v.                                   CASE NO. 11-3109-SAC

**STATE OF KANSAS, et al.,**

                Respondents.

**O R D E R**

This matter comes before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se and has paid the $5.00 district court filing fee.

Petitioner seeks relief on allegations of error in his conviction in Shawnee County District Court Case 08-CR-1192. On July 7, 2011, the Kansas Court of Appeals granted petitioner's motion for leave to docket an appeal out of time in that criminal matter.[1]

An application for a writ of habeas corpus under § 2254 may not be granted unless it appears the applicant has either exhausted state court remedies, or demonstrated that such remedies are unavailable or ineffective under the circumstances. 28 U.S.C. § 2254(b)(1). This exhaustion requirement is designed to give the state courts a full and fair opportunity to resolve any federal

---

[1] *See* http://judicial.kscourts.org (Kansas Appellate Court public website providing docket information in pending appellate cases); Copy of docket in Appeal No. 106312 attached.

constitutional claim before such a claim is presented to the state courts.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *Id*. at 842.

Because it appears petitioner's direct appeal from the Shawnee County conviction being challenged is now pending before the Kansas appellate courts, the court finds the instant petition is subject to being dismissed without prejudice to petitioner refiling his § 2254 petition in a timely manner after fully exhausting state court remedies on all claims to be presented for federal habeas review.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 21st day of July 2011 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

2